[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15474
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00319-CR-01-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE ANTHONY ADAMS, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 21, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Antoine Anthony Adams, II, appeals the sentence imposed by the district court following the revocation of his supervised release. He contends that his sentence of 9 months imprisonment and 2 years of supervised release was procedurally and substantively unreasonable.

## I.

We review the sentence imposed following the revocation of supervised release only for abuse of discretion, and we use a two step process. Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007); United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51, 128 S.Ct. at 597. If we find the sentence to be procedurally sound, the second step is to review the "substantive reasonableness" of the sentence, taking into account the totality of the circumstances. Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that

record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Adams contends that his sentence was procedurally unreasonable because the district court did not expressly refer to the § 3553(a) factors before imposing its sentence. We have explained that "noting in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). When a district court does not expressly mention the § 3553(a) factors, we look to the record to see if the factors were, in fact, considered. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007)

The record makes clear that the district court considered the § 3553(a) factors. Before imposing its sentence, the district court listened to statements from Adams' counsel, his employer, and his fiancee, all of whom discussed Adams' characteristics and history. The district court commented that it did not "want to undo what [Adams] ha[d] accomplished; but by the same token, the court's orders, the court's expectations have to be met." That statement illustrates the district court's consideration of Adams' history and the need for the sentence imposed to afford adequate deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(B). We conclude that no procedural error occurred.

Adams also challenges the substantive reasonableness of his sentence. He contends that it was greater than necessary to achieve the purposes of sentencing. The district court sentenced Adams to a term of imprisonment within the advisory guidelines and significantly below both the government's recommended sentence and the statutory maximum. The term of supervised release imposed by the district court was also well below the statutory maximum. Given Adams history of violating the terms of his supervised release, we cannot say that his sentence was substantively unreasonable.

**AFFIRMED.**